UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID J. REISCHAUER,

        Petitioner,

v.                                   CASE NO. 2:06cv13280
                                     HONORABLE NANCY G. EDMUNDS

BLAINE LAFLER,

        Respondent.
_____/

## **OPINION AND ORDER GRANTING THE HABEAS CORPUS PETITION**
## **AND DENYING AS MOOT PETITIONER'S PENDING MOTIONS**

Petitioner David J. Reischauer has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the Court are Petitioner's motions (1) for reconsideration of his motion to vacate the plea, (2) to dismiss the state court action for lack of subject matter jurisdiction, (3) to hold Respondent in contempt of court, (4) for an unconditional writ of discharge, and (5) for an evidentiary hearing and appointment of counsel. The Court has concluded that Petitioner's right to due process was violated by the trial court's delay in ruling on Petitioner's motion for appellate counsel. Consequently, the habeas petition is GRANTED. The State shall release Petitioner unless it grants him a direct appeal from his conviction.

### **I. Background**

Petitioner was charged in Wayne County, Michigan with three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The charges arose from allegations that Petitioner sexually abused his minor son. Following a preliminary examination, Petitioner was bound over to Wayne County Circuit Court on two counts of first-

degree criminal sexual conduct and two counts of second-degree criminal conduct. A jury trial commenced in 1999, but on June 8, 1999, the trial court declared a mistrial because the jury was unable to reach a verdict.

On January 16, 2001, Petitioner pleaded no contest to one count of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under thirteen years of age). In return, the prosecutor dismissed the other three counts and agreed to a sentence of three to fifteen years with credit for 556 days. The parties also agreed that the sentence would commence after Petitioner's parole term for another offense terminated. On January 31, 2001, the trial court sentenced Petitioner, as agreed, to imprisonment for three to fifteen years.

Although on February 2, 2001, Petitioner made a timely request for appointment of appellate counsel, the trial court did not grant his request until December 11, 2002. Because the one-year deadline for filing a direct appeal had expired by then, Petitioner's attorney filed a motion for relief from judgment in the trial court. The motion alleged that Petitioner's plea was involuntary, that the plea agreement was illusory, and that Petitioner was innocent. The trial court denied Petitioner's motion after concluding that Petitioner had failed to demonstrate actual prejudice from the failure to raise his claims on appeal.

Petitioner raised his habeas claims in an application for leave to appeal filed through counsel and in a *pro se* supplemental brief. The Michigan Court of Appeals accepted the supplemental brief for filing, but denied leave to appeal on the ground that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Reischauer*, No. 262880 (Mich. Ct. App. Jan. 23, 2006). On June 26, 2006, the Michigan Supreme Court

2

denied leave to appeal for the same reason. *See People v. Reischauer*, No. 130537 (Mich. Sup. Ct. June 26, 2006).

Petitioner filed his habeas corpus petition on July 20, 2006. The petition sets forth twelve grounds for relief, which allege: (1) the trial court violated Michigan Court Rule 6.425(F) and Petitioner's right to due process when it delayed its ruling on Petitioner's request for appellate counsel; (2) the no-contest plea was involuntary; (3) the plea was illusory; (4) Petitioner's attorneys were ineffective; (5) the no-contest plea was not voluntary and knowing; (6) the sentence is invalid; (7) the Michigan Court of Appeals abused its discretion by not granting leave to appeal; (8) Petitioner's appellate attorneys were ineffective; (9) the trial court violated Michigan Court Rule 6.425; (10) the trial court failed to rule on Petitioner's request for appointment of appellate counsel for two years; (11) Petitioner's attorneys were ineffective; and (12) the Michigan Supreme Court abused its discretion by not granting leave to appeal or appointing counsel.[1] Petitioner incorporates by reference the supporting arguments made in his state court pleadings.

Respondent urges the Court to deny the petition on the grounds that Petitioner's claims lack merit and are procedurally defaulted because Petitioner failed to raise the claims on direct appeal. The Court rejects the procedural default argument because Petitioner was not at fault for failing to raise his claims on direct appeal. The trial court's delay in granting Petitioner's motion for appointment of counsel necessitated the filing of a motion for relief from judgment, as opposed to a direct appeal from the conviction and sentence.

---

[1] Because Petitioner asserted two different claims as "ground 11," the Court has labeled the last ground for relief as claim 12.

## II. Discussion

Habeas petitioners generally are entitled to the writ of habeas corpus only if they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner's first, ninth, and tenth claims allege that the trial court violated Michigan Court Rule 6.425 and Petitioner's right to due process by not making a timely decision on Petitioner's application for appointment of appellate counsel. Petitioner alleges that, as a result of the delayed ruling on his application for counsel, he was forced to file a motion for relief from judgment instead of applying directly for leave to appeal. None of the state courts evaluated the merits of this argument. Therefore, the deferential standard of review mandated by 28 U.S.C. § 2254(d) does not apply. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006). Instead, the Court must review the issue *de novo*. *Id*. (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

The Court begins its analysis by noting that Michigan Court Rule 6.425(G)(1)(a) requires a trial court to rule on a defendant's request for a lawyer within fourteen days of receiving the request unless a post-judgment motion is pending. Petitioner filed a timely request for appointment of counsel on February 2, 2001, and there were no post-judgment motions pending at the time. Consequently, the trial court should have ruled on Petitioner's motion by February 16, 2001. The trial court did not decide Petitioner's application until December 11, 2002. The

violation of Michigan law is not a basis for granting the writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). The critical question is whether the untimely ruling on Petitioner's request for counsel violated Petitioner's right to due process.

A state is not obligated to provide appellate review of criminal convictions. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *Ross v. Moffit*, 417 U.S. 600, 606 (1974). However, if a state does provide a means of appealing a conviction, the state must satisfy the requirement of due process, which "emphasizes fairness between the State and the individual dealing with the State . . . ." *Ross v. Moffit*, 417 U.S. at 609.

In Michigan, a defendant who pleads no contest is not entitled to an appeal of right. *See* Mich. Const., Art. 1, § 20 (stating that "an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court"). Thus, Petitioner would not have been entitled to appellate review as a matter of right even if the trial court had appointed counsel in a timely manner. However, one who pleads guilty or no contest does not forfeit all opportunity for appellate review in Michigan; he or she is entitled to apply for leave to appeal. *Id.*; *Halbert*, 545 U.S. at 617; *People v. James*, 272 Mich. App. 182, 191; 725 N.W.2d 71, 76 (2006).

The trial court deprived Petitioner of an opportunity to seek leave to appeal when it failed to address Petitioner's motion for appointment of counsel before the one-year deadline expired for filing an application for leave to appeal. Petitioner was deprived of an entire proceeding to which he had a right: a direct appeal from his conviction and sentence.

Furthermore, the state collateral appeal was not an adequate substitute for a direct appeal. When determining how to dispose of an application for leave to appeal on direct review, the

5

court of appeals "looks to the merits of the claims made in the application" and acts to correct errors made in the lower courts. *Halbert*, 545 U.S. at 617 & 617 n.3. The state court of appeals may grant or deny the application, enter a final decision, or grant other relief. Mich. Ct. R. 7.205(D)(2). "If an application is granted, the case proceeds as an appeal of right," Mich. Ct. R. 7.205(D)(3), and the state court of appeals reviews constitutional issues *de novo*. *People v. Cain*, 238 Mich. App 95, 108; 605 N.W.2d 28, 38 (1999).

On collateral appeal, the defendant must first overcome the procedural hurdle of showing "cause" for not raising his claims on appeal or in a prior motion and "actual prejudice from the alleged irregularities that support the claim for relief." Mich. Ct. R. 6.508(D)(3)(b). If the defendant pleaded no-contest, he must show that "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." Mich. Ct. R. 6.508(D)(3)(b)(ii).

"Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings." *Rodriquez v. United States*, 395 U.S. 327, 330 (1969). The denial of an entire judicial proceeding, which a defendant wanted at the time and to which he had a right, demands a presumption of prejudice. *Roe v. Flores-Ortega,* 528 U.S. 470, 483 (2000). The Supreme Court cannot accord a presumption of reliability to judicial proceedings that never took place. *Id*.

### III. Conclusion

The trial court's delay in appointing counsel resulted in the forfeiture of Petitioner's right to a direct appeal. and the forfeiture of a direct appeal violated Petitioner's right to due process.

6

Accordingly, the application for a writ of habeas corpus is GRANTED. The State shall release Petitioner unless it takes steps to grant him a direct appeal within ninety days of this opinion and appoints counsel to assist him in the court of appeals if he is unable to retain counsel.

Because the Court's conclusion on Petitioner's due process claim is dispositive of the petition, it is unnecessary to review Petitioner's other claims, and the Court declines to do so. *Ward v. Wolfenbarger*, 323 F. Supp.2d 818, 830 (E.D. Mich. 2004). The pending motions [Docs. 23, 25, 28, 31, and 43] are DENIED as moot.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 30, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager