UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID J. REISCHAUER,

               Petitioner,

v.                                    CASE NO. 2:06cv13280
                                    HONORABLE NANCY G. EDMUNDS
BLAINE LAFLER,

               Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR
### (1) ENFORCEMENT OF THE COURT'S OPINION AND ORDER,
### (2) APPOINTMENT OF COUNSEL,
### (3) ISSUANCE OF AN UNCONDITIONAL WRIT, AND
### (4) RELIEF FROM THE COURT'S RULING ON MOOTNESS

      Petitioner initiated this action by filing an application for the writ of habeas corpus under

28 U.S.C. § 2254.  The habeas petition challenged Petitioner's state conviction for first-degree

criminal sexual conduct.  On August 30, 2007, the Court granted a conditional writ of habeas

corpus because the trial court's delay in ruling on Petitioner's motion for appellate counsel

resulted in the forfeiture of Petitioner's right to a direct appeal from his conviction.  The Court

ordered the State to release Petitioner within ninety days of its Opinion and Order unless the

State took steps to provide Petitioner with a direct appeal and appointed counsel to assist him if

he was unable to retain counsel.

      Currently pending before the Court are four post-judgment motions filed by Petitioner.

He seeks enforcement of the Court's dispositive opinion, an unconditional writ of habeas corpus,

appointment of counsel, and a reversal of the Court's ruling on August 30, 2007, that Petitioner's

previous motions (to vacate his no contest plea, to dismiss the State's case for lack of subject

matter jurisdiction, for an evidentiary hearing and appointment of counsel, and for an

unconditional writ of discharge) were moot. Petitioner alleges that the State has failed to appoint

counsel or grant him a direct appeal and that correctional officials have refused to release him

from prison. Respondent, on the other hand, argues in answers to Petitioner's motions that the

State has taken steps to comply with the Court's Opinion and Order of August 30, 2007, and that

Petitioner has refused the assistance of attorneys appointed to assist him with his appeal.

Attachments to the parties' motions and answers indicate that:

- on November 8, 2007, the Michigan Court of Appeals re-instated Petitioner's
appeal pursuant to this Court's Opinion and order dated August 30, 2007;

- on November 21, 2007, the state court of appeals remanded the case to Wayne
County Circuit Court (1) for a determination within 14 days on whether Petitioner
was indigent, (2) to appoint appellate counsel if indigence were established, (3) to
direct the preparation of any post-judgment transcripts, and (4) to provide the trial
court with a copy of this Court's Opinion and Order dated August 30, 2007;

- on November 29, 2007, the Wayne County Circuit Court appointed attorney
Jonathan Simon to represent Petitioner in post-conviction proceedings;

- on December 13, 2007, Mr. Simon moved to vacate the order appointing him as
counsel on the grounds that the Wayne County Circuit Court appointed him
without first determining whether Petitioner was indigent and because Petitioner
had complained that Mr. Simon was being forced on him; on the same day, the
Wayne County Circuit Court granted Mr. Simon's motion;

- on January 28, 2008, the Wayne County Circuit Court appointed attorney
Michael McCarthy to represent Petitioner;

- on February 8, 2008, Petitioner executed an affidavit in which he stated that (1)
he had never requested appointment of appellate counsel by the Wayne County
Circuit Court, (2) the circuit court did not establish his indigence, (3) the circuit
court was forcing attorneys on him, (4) a conflict of interest existed with any
attorney that might be appointed to represent him, and (5) he would accept
appointment of counsel only if the attorney were to swear in a binding contract
signed by the parties and the circuit court that the attorney would protect his
rights and present all the issues he wished to raise; and

- on February 27, 2008, Mr. McCarthy moved to withdraw as appellate counsel. He stated in his motion that, within one week of his appointment as counsel, he received Petitioner's February 8, 2008, affidavit and two letters in which Petitioner objected to the appointment of counsel and insisted that McCarthy withdraw. Petitioner characterized McCarthy's appointment as something illegally forced upon him, and he prohibited McCarthy from filing any pleading on his behalf in the state court of appeals.

The Court concludes from the facts set forth above and from Petitioner's pending motions that Petitioner is frustrating this Court's and the state courts' efforts to provide him with an attorney and a direct appeal. The Court further concludes that, to date, the state courts have complied with this Court's Opinion and Order dated August 30, 2007. Accordingly, the Court DENIES Petitioner's motions for enforcement of the Court's Opinion and Order dated August 30, 2007 [Doc. 48, Nov. 28, 2007], for appointment of counsel [Doc. 49, Nov. 28, 2007], for issuance of an unconditional writ [Doc. 50, Nov. 28, 2007], and for relief from the ruling that his previous motions were rendered moot by the Court's grant of a conditional writ of habeas corpus [Doc. 55, Feb. 29, 2008].

"[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, __, 126 S. Ct. 2557, 2565 (2006). Consequently, Petitioner shall retain counsel of choice or accept the services of an attorney appointed for him by the state court. Alternatively, he may file a motion in state court for permission to proceed *in propria persona* on appeal.[1] If he chooses to accept the assistance

---

[1] Defendants have no constitutional right to represent themselves on direct appeal from their criminal convictions, but states are not precluded from recognizing such a right under their own constitutions. *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163 (2000). Of course, "the States are clearly within their discretion to conclude that the government's interests outweigh an invasion of the appellant's interest in self-representation." *Id.* Furthermore, the appellant "has no right to be present during appellate proceedings or to present oral argument." *Id.* at 163-64 (citing *Schwab v. Berggren*, 143 U.S.

of appointed counsel and if counsel declines, as a matter of professional judgment, to raise issues that Petitioner wants to present on appeal, counsel shall assist Petitioner in presenting a *pro se* supplemental brief on appeal.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 11, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

---

442 (1892), and *Price v. Johnston*, 334 U.S. 266, 285-86 (1948)).